UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| HAROLD DELCHAM, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br> -against-<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC d/b/a GEICO,<br><br>      Defendant. | Case No.<br><br>COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, HAROLD DELCHAM ("Plaintiff"), on behalf of himself and all other similarly situated employees, brings this lawsuit against Defendant Government Employees Insurance Company Inc. d/b/a GEICO ("GEICO" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"). Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), individually and on behalf of all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA (hereinafter "putative Collective Members").

2. Plaintiff is a former non-exempt, hourly employee who worked for GEICO as an Auto Claim and/or Damage Adjuster in Florida. In this role, Plaintiff investigated insurance claims to ascertain the extent of any liability on behalf of GEICO, who furnishes car insurance.

3. Plaintiff seeks to represent other current and former non-exempt, hourly employees

of Defendant who work or worked as Auto Claim and/or Damage Adjusters, including comparable roles with different titles (collectively "Adjusters"), in Florida.

4. As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA by failing to pay Plaintiff and putative Collective Members for all of their overtime hours worked based upon its unlawful policies and practices.

5. Plaintiff and putative Collective Members perform off-the-clock work for which they are not adequately compensated. Specifically, Plaintiff and putative Collective Members must complete a certain number of claims or inspections per day (their "required quota"), and pressure from GEICO to meet these quotas within allotted paid hours per day often causes Plaintiff and putative Collective Members to start working while off-the-clock before they are scheduled to begin their workday and after they are scheduled to end their shift, and during unpaid meal breaks. Failure to meet the quotas within the allotted hours in a day results in negative implications for the performance metrics of Plaintiff and putative Collective Members, including compensation ramifications and/or disciplinary action. Plaintiff and putative Collective Members are also required to work off-the-clock to attend meetings outside of their scheduled shifts and without pay.

## THE PARTIES

*Plaintiff*

6. Plaintiff HAROLD DELCHAM worked for Defendant as a non-exempt, hourly paid Adjuster in West Palm Beach, Florida from approximately March 2017 to November 2017 and Orlando, Florida from approximately December 2017 to April 2019.

7. As an Adjuster, Plaintiff was paid an hourly wage and was not paid for all hours worked, including overtime wages.

8. Plaintiff's rate of pay was approximately $29 per hour.

9. Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff regularly worked more than 40 hours in a workweek but was not compensated for all overtime hours worked.

10. At all times relevant hereto, Plaintiff was a covered employee within the meaning of the FLSA.

11. Plaintiff's written consent to join this action is attached as Exhibit A.

*Defendant*

12. Defendant GEICO is a Maryland corporation with a principal place of business in Maryland. On information and belief, Defendant is a wholly owned subsidiary of Berkshire Hathaway, Inc. and its headquarters are located at 5260 Western Avenue, Chevy Chase Village, Maryland, 20815. Defendant does business throughout the United States, including in this State.

13. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA.

14. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and putative Collective Members, including timekeeping, payroll and other employment practices that applied to them.

15. Defendant applies the same employment policies, practices, and procedures to all putative Collective Members.

16. At all times relevant, each Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1367, and by 29 U.S.C. § 201, *et. seq*.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in this State and within the geographic area encompassing this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims occurred in this district and the Defendant is subject to personal jurisdiction in this district. At all times material hereto, Plaintiff and putative Collective Members were/are employed by and performed or perform job duties for the Defendant within this district and within the jurisdiction and venue of this Court.

## COMMON FACTUAL ALLEGATIONS

19. Defendant is in the business of providing vehicle insurance, property insurance, and business insurance. Defendant operates in all fifty states, including in Florida.

20. Plaintiff and putative Collective Members are current or former Adjusters in Florida. The duties of Adjusters, including Plaintiff, include but are not limited to processing insurance claims, calling customers, inspecting vehicles for collision and comprehensive damages, maintaining and managing accurate funds for the issuance of claim payments, submitting reports online in real time, and driving to customer homes or working in auto body shops to access vehicle damage.

21. As Adjusters, Plaintiff and putative Collective Members are expected to meet GEICO's required quota of processing or working on at least ten claims or inspections per day and as many as thirty customer calls per day. Plaintiff is informed, believes, and thereon alleges that the policies and practices of Defendant have at all relevant times been similar for Plaintiff and the putative Collective Members, regardless of location in Florida.

22. While working for Defendant, Plaintiff and putative Collective Members are scheduled to work approximately seven and a half hours per day, five days a week, for a total of approximately 37.5 hours per week. Plaintiff and putative Collective Members work these scheduled hours. However, Plaintiff and putative Collective Members are regularly required by GEICO management to work additional hours beyond this scheduled time while off-the-clock and without receiving compensation. Plaintiff and putative Collective Members typically work eight and a half to ten hours per day to fulfill the required workload and do not receive pay for all time worked in violation of the FLSA. For numerous workweeks during their employment by GEICO, Plaintiff and putative Collective Members worked off-the-clock and without compensation during overtime hours.

23. GEICO disincentivizes Plaintiff and putative Collective Members from reporting this off-the-clock or unrecorded time because reporting such time would negatively impact Plaintiff and putative Collective Members' productivity metrics and evaluations. If an employee does not meet the required quota of claims, inspections and/or customer calls, the consequence is being written up or placed on probation or reduced performance metric scores causing negative ramifications for pay increases and promotion opportunities.

24. In some instances, Plaintiff and putative Collective Members begin the workday one hour prior to the start of their scheduled shifts to perform work activities which include, among other tasks, handling claims and calling customers and repair shops. This time worked is unpaid. Moreover, under Defendant's company-wide practice, Defendant requires Plaintiff and putative Collective Members to log into Defendant's online system to submit claims and other documentation in real time. Therefore, Defendant knows or should know that work is being performed on its online system without compensation.

25. Plaintiff and putative Collective Members continue working after their shift ends to complete tasks including, but not limited to, submitting paperwork and claims, and following

up on customer calls. These tasks are completed while being logged into Defendant's online system and are tracked in real time. Plaintiff and putative Collective Members are not compensated for this time that Defendant requires, suffers, and/or permits them to work.

26. Furthermore, Plaintiff and putative Collective Members frequently work during unpaid meal periods. For example, they are generally allocated a 30 to 45-minute meal break to be taken at no specific time during a shift. But, due to Defendant's required workload and quotas, Plaintiff and putative Collective Members are often unable to take such breaks at all. Even when they do receive some form of meal break, Plaintiff and putative Collective Members are often interrupted to perform work or answer customer calls, even though they are off-the-clock in Defendant's timekeeping records. As a result, Plaintiff and putative Collective Members regularly work through unpaid time that is allocated for a meal break. Defendant knows or should know about such uncompensated work performed during unpaid meal breaks.

27. On information and belief, Defendant and its managers routinely manipulate the timecards of these employees to make it appear that they took an unpaid meal break in order to avoid paying additional wages and penalties.

28. Defendant also requires Plaintiff and putative Collective Members to work off-the-clock to attend meetings, outside of their scheduled shifts and without pay.

29. Plaintiff and putative Collective Members use their personal vehicles to travel to semi-annual conference meetings. Travel time as well as the time spent at the conference meetings is also unpaid.

30. In addition to claims and/or inspections quotas, Defendant utilizes a call rating system to rate call volume and efficiency in answering customer calls. As a result, Plaintiff and putative Collective Members take customer calls before and after scheduled shifts and must bring their cell phones to their unpaid meal breaks as a means of keeping the call answer rate high.

31. All of this time that Defendant requires Plaintiff and putative Collective Members to work off the clock and without compensation deprives them of substantial amounts of pay to which they are entitled under federal law, including overtime premium pay for hours worked in excess of 40 per workweek.

32. Defendant maintains time records for all its Adjusters throughout the United States, including in Florida. However, those time records fail to accurately reflect all of Plaintiff and putative Collective Members' hours worked, based upon Defendant's policies and procedures described herein for requiring Plaintiff and putative Collective Members to work off the clock, during meal and rest breaks, and without compensation.

33. Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the putative Collective Members and throughout Defendant's operations in Florida. Defendant's unlawful conduct and pay practices stem from a corporate policy to limit labor expenses.

34. Upon information and belief, Defendant has not inquired into whether it paid Plaintiff and putative Collective Members for all time worked.

35. Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiff and putative Collective Members in an amount to be determined at trial. Defendant did not take requisite steps to ensure that Plaintiff and putative Collective Members were paid for all time worked. Upon information and belief, Defendant did not conduct any study or audit of its compensation practices to ensure that Plaintiff and putative Collective Members did not perform work without compensation.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

36. Plaintiff brings this case as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) individually and on behalf of a proposed collection of similarly situated employees defined as:

> All current and former non-exempt classified employees of Defendant working as Auto Claim and/or Damage Adjusters (including comparable roles with different titles) throughout the State of Florida during the time period from three years prior to the filing of the complaint until date of judgment in this action (referred to herein as the "putative Collective Members" or "members of the Collective").

37.     Plaintiff, individually and on behalf of other similarly situated persons defined above, seeks relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiffs may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

38.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

39.     The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

40.     Based upon Defendant's quotas which must be met within the paid hours allotted, Defendant does not pay Plaintiff and the putative Collective Members for all hours worked, including minimum wage and overtime. The hours that Defendant requires Plaintiff and putative Collective Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under the FLSA.

41.     Throughout their employment with Defendant, Plaintiff and putative Collective

Members regularly worked in excess of 40 hours per week. However, Defendant fails to pay Adjusters for all of the work they perform, including required overtime premiums, in violation of the FLSA.

42. All of the work that Plaintiff and putative Collective Members performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and putative Collective Members performed.

43. Defendant was aware, or should have been aware, that federal wage and hour laws required it to pay Plaintiff and putative Collective Members for all hours worked, including overtime compensation for hours worked in excess of 40 per week.

44. Defendant's failure to pay Plaintiff and putative Collective Members for all hours worked, including overtime wages, was willful. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the putative Collective Members)**

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

47. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

48. At all relevant times, Plaintiff and putative Collective Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a)

and 207(a).

49. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

50. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

52. Defendant has failed to pay Plaintiff and putative Collective Members all of the overtime wages to which they were entitled under the FLSA.

53. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and putative Collective Members.

54. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. As a result of Defendant's willful violations of the FLSA, Plaintiff and putative Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

56. As a result of the unlawful acts of Defendant, Plaintiff and the putative Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the putative Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid wages and overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. Attorneys' fees and costs of the action;

F. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 13, 2021                            Respectfully submitted,

s/ Gregg I. Shavitz
Gregg I. Shavitz
Tamra Givens
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone:    (561) 447-8888
Facsimile:    (561) 447-8831
gshavitz@shavitzlaw.com

tgivens@shavitzlaw.com

Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, New York 10022
Telephone:     (800) 616-4000
Facsimile:     (561) 447-8831
mpalitz@shavitzlaw.com

Carolyn H. Cottrell (SBN 166977)
SCHNEIDER WALLACE
COTTRELL KONECKY
LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com

Paige T. Bennett (SBN 288009)
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
Telephone: (713) 917-0024
Facsimile: (713) 917-0026
paige.bennett@dtlawyers.com

*Attorneys for Plaintiff and the putative Collective Members*